IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QUILL VANOVER,                          :

      Petitioner,                     :
                                          Case No. 3:09-cv-240
      vs.                             :
                                          JUDGE WALTER HERBERT RICE
WARDEN, LEBANON CORRECTIONAL
INSTITUTION                             :

      Respondent                      :

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS (DOC. #8), SUPPLEMENTAL REPORT AND
RECOMMENDATIONS (DOC. #10), AND SECOND SUPPLEMENTAL
REPORT AND RECOMMENDATIONS (DOC. #16) OF THE UNITED
STATES MAGISTRATE JUDGE IN THEIR ENTIRETY, AND
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##9,
11, 17); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND
AGAINST PETITIONER; DENYING PETITION FOR WRIT OF HABEAS
CORPUS (DOC. #1) IN ITS ENTIRETY; GRANTING CERTIFICATE OF
APPEALABILITY WITH REGARD TO GROUND THREE AND DENYING
SAME AS TO ALL OTHER GROUNDS; REQUEST TO APPEAL *IN
FORMA PAUPERIS* GRANTED AS TO GROUND THREE AND DENIED
AS TO ALL OTHER GROUNDS; TERMINATION ENTRY

Based on the reasoning and citations of authority set forth in the Report and

Recommendations of the United States Magistrate Judge, filed December 9, 2009

(Doc. #8), the Supplemental Report and Recommendations, filed January 8, 2010

(Doc. #10), and the Second Supplemental Report and Recommendations, filed April

1, 2010 (Doc. #16), as well as on a thorough *de novo* review of this Court's file and the applicable law, said judicial filings are adopted in their entirety. Petitioner's objections (Docs. ## 9, 11, and 17) are overruled, and all three Grounds for Relief set forth in the Petition (Doc. #1) are dismissed with prejudice.

In so ruling, the Court makes the following, non-exclusive observation. On March 29, 2010, Petitioner submitted a Notice of Supplemental Authority, Doc. #15, directing the Court's attention to *Goodell v. Williams*, 676 F. Supp.2d 640 (N.D. Ohio 2009). In that case, Judge Gwin determined that a presumption of vindictiveness arose when Petitioner, following a successful appeal, was ultimately resentenced to a prison term four years longer than his original sentence. The Ohio Court of Appeals had previously determined that the presumption of vindictiveness did not apply because the harsher sentence was imposed by a different judge. *State v. Goodell*, No. L-07-1016, 2007 WL 2874334, at *3 (Ohio App. 6 Dist. Sept. 28, 2007). Judge Gwin determined that this was contrary to clearly established federal law as set forth in *North Carolina v. Pearce*, 395 U.S. 711 (1969), and *Texas v. McCullough*, 475 U.S. 134 (1986). He therefore conditionally granted the petition for a writ of habeas corpus.

Based on Judge Gwin's decision in *Goodell*, the United States Magistrate Judge issued a Second Supplemental Report and Recommendations, Doc. #16. Although he disagreed with Judge Gwin's interpretation of Supreme Court precedent and again recommended that the petition be dismissed in its entirety, he

conceded that reasonable jurists could disagree as to the merits of Petitioner's Third Ground for Relief. He therefore recommended that Petitioner be granted leave to appeal *in forma pauperis* and that the Court issue a certificate of appealability with respect to that Ground.

The Court notes that, on June 20, 2011, the Sixth Circuit Court of Appeals reversed Judge Gwin's decision in *Goodell*. *See Goodell v. Williams*, 643 F.3d 490 (6th Cir. 2011).[1] Interpreting *McCullough*, the Sixth Circuit held that "a presumption of vindictiveness does not apply where an increased sentence is imposed by a different sentencer absent other circumstances demonstrating a need to guard against vindictiveness." *Id.* at 499. The Sixth Circuit's opinion in *Goodell* provides significant additional authority for dismissing Petitioner's Third Ground for Relief.

Nevertheless, the Court agrees with the Magistrate Judge that, in light of Judge Gwin's opinion, and in light of the unique facts presented in this case, this Court's decision with regard to Ground Three would be debatable among jurists of reason. The Court therefore grants a certificate of appealability as to Ground Three, as well as leave to appeal *in forma pauperis* thereon. However, as to Grounds One and Two, given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein as

---

[1] On August 9, 2011, the court denied a petition for rehearing and rehearing en banc.

3

to those Grounds would not be debatable among jurists of reason, and, finally, because any appeal from this Court's decision on those other Grounds would be objectively frivolous, Petitioner is denied a certificate of appealability and denied leave to appeal *in forma pauperis* on Grounds One and Two.

Judgment will be entered accordingly, in favor of Respondent and against Petitioner. All three Grounds for Relief set forth in the Petition for a Writ of Habeas Corpus are DISMISSED WITH PREJUDICE.

This case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date:  September 26, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record